IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONNIE W. DALTON, II                                                              PLAINTIFF

vs.                                              CIVIL NO. 06-2147

MICHAEL J. ASTRUE[1], Commissioner
SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Ronnie Dalton, brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income ("SSI") under Title XVI of the Act.

**Background:**

The application for SSI now before this court was filed on July 17, 2003, alleging an onset date of May 15, 2001, due to hand, leg, and back pain, as well as depression. (Tr. 12, 58, 70, 84). An administrative hearing was held on December 15, 2005. (Tr. 366-395). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 36 years old and possessed a tenth grade special education. (Tr. 12). The record reveals that he had past relevant work ("PRW") experience as a tile helper. (Tr. 12).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

The Administrative Law Judge ("ALJ") rendered an unfavorable decision on May 23, 2006. (Tr. 9-23). He concluded that plaintiff's impairments were severe and did meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 22). However, he also determined that plaintiff's alcohol and/or drug abuse was a contributing factor material to the determination of disability. Absent the effect of this abuse, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to lift 25 pounds frequently and 50 pounds occasionally, occasionally push and pull the same amounts, walk for a total of six hours during an eight-hour workday, and frequently crouch and stoop. He also concluded that plaintiff's mental impairments resulted in only moderate limitations in social, occupational, and/or school functioning. With the assistance of a vocational expert, the ALJ then concluded that plaintiff could still perform work as a material handler and janitor. (Tr. 23).

On August 10, 2006, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Although both parties were afforded the opportunity to file appeal briefs, plaintiff has chosen not to do so. The case is now ready for decision.

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental

impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

However, an individual will not be considered to be disabled if alcoholism or drug addiction is a contributing factor material to the determination of disability. *See* 42 U.S.C. § 423(d)(2)(C). The key factor in determining if drug addiction or alcoholism is material is if the individual would not be found disabled if alcohol or drug use were to cease. This depends on what mental or physical limitations would remain if the claimant stopped using drugs or alcohol and whether the remaining limitations would be disabling. *See* 20 C.F.R. §§ 404.1535; *Jackson v. Apfel*, 162 F.3d 533, 537 (8th Cir. 1998); *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). The plaintiff has the initial burden of showing that alcoholism or drug addiction is not material to the finding of disability. *See Brown v. Apfel*, 192 F.3d 492, 497-98 (5th Cir.1999).

**Discussion:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and

others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, we note that the ALJ determined that plaintiff was disabled but that his alcohol and drug abuse were material to his finding of disability. As such, he concluded that, without the alcohol and/or drugs, plaintiff was not disabled. While it is true that plaintiff has a problem with alcohol and drug abuse, we do not find substantial evidence to support the ALJ's RFC assessment.

The relevant evidence reveals that plaintiff suffered from a chronic compression fracture at L1 level, slight anterolisthesis of the T12 on the L1 with retropulsion of the posterior/superior end-plate into the canal, mild compression of the ventral thecal sac, retrolisthesis of the L1 on the L2 with some mild diffuse disk bulging, slight retrolisthesis with an annular fissure and moderate midline bulging at the L5-S1 level with no disc herniation or stenosis, a bulging disc at the T9-10 level, an old compression fracture at the L1 level, and some questionable flattening of the superior end plates at the T7, T8, and T9 levels. (Tr. 163, 165-166). He was prescribed Valium, Lorcet, and Vioxx. (Tr. 160).

AO72A
(Rev. 8/82)

Plaintiff was seen for a psychological examination by Dr. Patricia Walz, on October 27, 2003. (Tr. 233-237). He reported that he had been treated for mental issues and suicidal ideations at Harbor View, and also reported a family history of alcohol and physical abuse. (Tr. 233-234). Plaintiff also admitted that he had a criminal history involving DWI and public intoxication. (Tr. 234). Further, he indicated that he had attended ten AA/NA support meetings per week, some organized meetings at his church, and recovery classes. (Tr. 236). Dr. Walz estimated plaintiff's intelligence as low average. She diagnosed him with dysthymia; alcohol abuse, reportedly in remission for 70 days; ADHD by history; and, personality disorder with schizoid and borderline traits. (Tr. 236). Dr. Walz noted that plaintiff had difficulty staying on task and had some social functioning issues. She rated his prognosis as merely guarded, if he abstained from alcohol. (Tr. 236-237).

Plaintiff was followed by the Western Arkansas Counseling and Guidance Center from March 25, 2004 through November 18, 2004. (Tr. 290). An initial evaluation was performed on March 25, 2004, by Jerry Stearman, a licensed psychological examiner. (Tr. 288-290). Plaintiff reported abusing alcohol since the age of 10, but stated that he had stopped drinking in the past six months. (Tr. 289). He also indicated that he had undergone drug and alcohol treatments at Harbor View, Harbor House, and St. Edwards treatment facilities. (Tr. 289). Plaintiff was diagnosed with adjustment disorder with mixed anxiety, alcohol dependance in remission, personality disorder-NOS,

back problems, bone spurs, and allergies, and was noted to have a GAF of 55.[2] (Tr. 290). Dr. Pearl Beguesse prescribed Ritalin LA. (Tr. 282, 285).

Plaintiff saw Dr. Denise LaGrand for a psychological examination on April 12, 2004. (Tr. 269-275). He reported using alcohol and methamphetamine within the last year; as well as a history of using marijuana, cocaine, and "downers." (Tr. 271). Plaintiff also admitted self medicating with alcohol. He indicated that he had received treatment for drug and alcohol abuse approximately four years prior. (Tr. 271). An examination showed plaintiff to be well oriented, with low average memory and good judgment. (Tr. 272-273). Dr. LaGrand diagnosed plaintiff with major depression, rule out specific learning disabilities, and polysubstance abuse/dependence in remission by report. (Tr. 273). She indicated that plaintiff's GAF was 60.[3] (Tr. 273).

On May 14, 2004, Dr. Pearl Beguesse, a staff psychiatrist, diagnosed plaintiff with ADHD; cannabis dependance in early remission; and, alcohol dependance in remission. (Tr. 285). He noted that plaintiff had a GAF of 50-55. Dr. Berguesse then prescribed Ritalin to treat plaintiff's ADHD. (Tr. 285).

On November 22, 2005, plaintiff was voluntarily admitted to Vista Health for suicidal ideations and anxiety. (Tr. 350-365). He stated that he planned to "drink and then shoot himself

---

[2] A GAF of 55 is characteristic of moderate symptoms or moderate difficulties in social, occupational, or school functioning. *See* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th edition Revised 2000). People with GAF's in the area generally have no friends and are unable to keep a job.

[3] A GAF of 60 is characteristic of moderate symptoms or moderate difficulties in social, occupational, or school functioning. *See* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th edition Revised 2000). People with GAF's in the area generally have no friends and are unable to keep a job.

7

with his shotgun which he hid in the woods." Plaintiff reported that he had been treated in the past for alcoholism and depression, and reported that he had been binge drinking for years, as well as using other drugs. (Tr. 350). Blood tests were positive for methamphetamine and propoxyphene use. Dr. Lewis Britton diagnosed plaintiff with bipolar disorder, alcohol dependance, personality disorder, back pain by history, and assessed him with a GAF of 41. (Tr. 352). To treat plaintiff's physical and psychological symptoms, he prescribed Seroquel, Cymbalta, Darvocet, Tylenol, Ativan, and Sonata. Dr. Britton noted some improvement during plaintiff's stay but indicated that he remained garrulous, markedly loosened in associations, and was, at times, difficult to follow. He believed plaintiff's affect reflected a distinct state of hypomania. On November 30, 2005, plaintiff was released and encouraged to attend AA meetings. (Tr. 351). Plaintiff's GAF upon discharge was 41.[4] (Tr. 352).

The ALJ acknowledged that plaintiff's GAF remained in the 50's when he was not abusing alcohol. As noted above, however, a GAF of 51-59 is indicative of moderate limitations that would interfere with a person's ability to work. While the ALJ did include plaintiff's GAF score in his hypothetical question to the VE, he failed to specify the limitations that would result from having such a GAF. The United States Court of Appeals for the Eighth Circuit has held that a hypothetical question must precisely describe all of a plaintiff's impairments so that the vocational expert can accurately determine whether jobs exist for such an individual. *See Sigh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that a hypothetical question must precisely describe a plaintiff's

---

[4] A GAF of 41 is indicative of serious symptoms or a serious impairment in social, occupational, or school functioning. *See* American Psychiatric Association, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th edition Revised 2000).

8

impairments so that the vocational expert can accurately assesses whether jobs exist for that individual); *See Roe v. Chater*, 92 F.3d 672, 676 (8th Cir. 1996) (holding that the point of a hypothetical question is to clearly present the vocational expert with a set of limitations that mirror those of the claimant). Because the ALJ's question failed to do so, and because his RFC failed to take into account the specific limitations that would result from plaintiff's GAF, we believe that remand is necessary.

Further, given plaintiff's back condition and mental diagnoses, we believe that the ALJ should have requested an RFC assessment from plaintiff's treating doctors. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Accordingly, on remand, the ALJ is directed to address interrogatories to plaintiff's treating physicians, asking them to review plaintiff's medical records; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Doctors should also be asked to provide information concerning plaintiff's physical and mental limitations when he is not abusing drugs or alcohol.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of July 2007.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE